[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 607.]

THE STATE OF OHIO, APPELLEE, *v.* SANDERS, APPELLANT.

[Cite as *State v. Sanders*, 1996-Ohio-38.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish the existence of a colorable claim of ineffective assistance of appellate counsel.*

(No. 96-205—Submitted May 7, 1996—Decided June 19, 1996.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 67844.

───────────────

{¶ 1} Appellant, John Sanders, Jr.,  was convicted on two counts of aggravated robbery, and sentenced to terms of imprisonment.  Upon appeal, the convictions were affirmed.  *State v. Sanders* (May 18, 1995), Cuyahoga App. No. 67844, unreported.

{¶ 2} Subsequently, appellant filed an application for reopening before the court of appeals pursuant to App. R. 26(B), alleging ineffective assistance of appellate counsel.  The court of appeals denied the application on December 12, 1995, and held that the doctrine of *res judicata* prohibited the reopening of his original appeal, because appellant could have raised the issue of ineffective assistance of appellate counsel on direct appeal to this court, but did not file such an appeal.  This appeal followed.

───────────────

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Sherry F. McCreary*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, and *Timi J. Townsend*, Assistant Public Defender, for appellant.

───────────────

*Per Curiam.*

{¶ 3} We affirm the judgment of the court of appeals denying appellant's application for reopening. Appellant has failed to establish the existence of a colorable claim of ineffective assistance of appellate counsel under *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____